# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PAULA M. POTTER,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0308**  (BOR Appeal No. 2046169)
(Claim No. 2011001597)

**OWNERS SOLUTION, INC. / ELF T& L LEASING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Paula M. Potter, by Cathy Greiner, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Owners Solution, Inc., by Alyssa Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 22, 2012, in which the Board affirmed a June 29, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 25, 2011, decision denying Ms. Potter's request for authorization of steroid trigger point injections and Botox injections. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Potter was injured on March 1, 2010, while lifting tarps. On July 2, 2010, the claim was held compensable for sprain/strain of the neck and thoracic region. Ms. Potter's treating physician, Dr. Osborn, has requested authorization for steroid trigger point injections and Botox injections to treat pain resulting from the March 1, 2010, injury. On December 22, 2010, Dr. Young examined Ms. Potter and recommended authorizing the requested steroid trigger point injections and Botox injections. On December 14, 2010, Dr. Scott performed an independent medical evaluation and noted that Ms. Potter sustained a prior work-related injury in 2009, which

1

resulted in a cervical spine fusion at C5-6. Dr. Scott then found that the March 1, 2010, injuries were sprains and strains of the neck and thoracic region superimposed on pre-existing degenerative changes. Dr. Scott further found that Ms. Potter's current complaints are secondary to these pre-existing degenerative changes. Dr. Scott found that Ms. Potter is at maximum medical improvement with regard to the March 1, 2010, injury and stated that there is no need for maintenance care with regard to the March 1, 2010, injury. On January 18, 2011, Dr. Mukkamala performed a records review. He agreed with the conclusions of Dr. Scott and recommended denying authorization for the requested injections. On February 25, 2011, the claims administrator denied Ms. Potter's request for authorization of steroid trigger point injections and Botox injections.

In its Order affirming the February 25, 2011, claims administrator's decision, the Office of Judges held that steroid trigger point injections and Botox injections are not medically related or reasonably required for the treatment of the March 1, 2010, injury. Ms. Potter disputes this finding and asserts that the evidence of record demonstrates that the requested injections are necessary for the treatment of the March 1, 2010, injury.

The Office of Judges found that there is no persuasive evidence linking the need for the requested injections to the March 1, 2010, injury. The Office of Judges further found that the evidence of record demonstrates that Ms. Potter's need for the requested injections arises from pre-existing degenerative conditions, as opposed to the March 1, 2010, injury. The Board of Review reached the same reasoned conclusions in its decision of February 22, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 22, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II